NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—January, 1885.

PENDLE *v.* WAITE.

*In the matter of the estate of* CHARLES WAITE, *deceased.*

In order to entitle one to proceed, under Code Civ. Pro., § 2715, as a creditor of a decedent, against the executor or administrator of the latter, to compel the filing of an inventory, he must either distinctly declare himself to be such a creditor, or set forth facts showing that he is entitled in that capacity (id., § 2514, subd. 11).

APPLICATION by George Pendle, to compel Mary G. Waite, executrix of decedent's will, to file an inventory.

PAYSON MERRILL, *for the application.*

WM. BLAKIE, *for executrix.*

THE SURROGATE.—George Pendle has applied for an order compelling the executrix of this decedent's will to file an inventory. He alleged, in his affidavit, that he was, for some time prior to February, 1882, engaged in business with one Charles Waite, a son of the decedent, under the firm name of Pendle & Waite; that, during the said month of February, without his knowledge or consent, his partner paid this decedent, out of the firm assets, the sum of $10,000; that the firm was not, at that time, indebted to decedent in a larger sum than $100; that, as against himself (Pendle) and the creditors of the firm, such payment was fraudulent and void; that the decedent never repaid that sum or any portion thereof, and that, therefore, "the said firm *or* its legal representative" has a valid claim against this estate for the said sum of $10,000. I think that counsel for the executrix is correct in claiming that the moving party does not show himself entitled to the relief for which he asks.

Section 2715 of the Code of Civil Procedure gives "a creditor or person interested in the estate" of a decedent the right of enforcing the filing of an inventory by such decedent's executor or administrator. Within the meaning of that section Mr. Pendle is not "interested in the estate" (see defini-

tion of that term in § 2514 subd. 11). If, therefore, he can justly insist upon the entry of an order directing that an inventory be filed, it is because he is a "creditor" of this estate. Now, it is true as counsel for the executrix insists, that he does not distinctly *declare* himself to be such creditor, nor allege facts which show him to be entitled as such.

It is not enough for him to aver that some person other than himself is a creditor, even though the allegation to that effect be undisputed. Nor is it sufficient for him to declare, as he does, that "*either* the said firm *or* its legal representative" has a valid claim, etc. His application must, therefore, be denied.